BURNS v. MAYOR OF NEW YORK.

*New York City — Agency — city officials special agents who cannot bind city by unauthorized acts — acceptance by other agents of city not ratification.*

The New York city officials are agents acting under clearly defined limitations and restrictions of law, imposed either by statute or ordinance, and an excess of their authority cannot bind the city or subject it to any action. The only remedy by persons performing services for, or furnishing materials to the city upon an unauthorized direction of an officer, is against the officer, and it does not follow, as in private agencies, that a ratification of the official act can be inferred from the fact that the work or materials are accepted by other officials of the city.

Accordingly, where plaintiff received from the deputy street commissioner a general order to repair wells and pumps for the city, such officer having no authority to give such order, *held*, that the plaintiff had no remedy for the work done thereunder against the city, but only against the deputy street commissioner.

APPEAL by defendants from a judgment in favor of plaintiff, entered upon the report of a referee.

The action was brought by Patrick Burns, against the mayor, aldermen and commonalty of the city of New York, to recover for services and materials. The facts fully appear in the opinion.

*E. Delafield Smith*, for appellants.

*Charles H. Hatch*, for respondent.

DAVIS, P. J. This action was brought to recover for services, and materials in repairing wells and pumps. The services appear to have been rendered by the direction of the deputy street commissioner in the months of January, February, March and April, 1870, and the bills were afterward certified to as correct by the same person when commissioner of public works at $3,672.75. The principal points made against the recovery are:

First. That the street commissioner had no power to order the work to be done. Second. That if the commissioner had such power there was a failure to comply with the requirements of the 38th section of chapter 446 of the Laws of 1857, and with the ordinances of the city.

The 38th section of the act referred to provides as follows: "No expenditure for work, or supplies involving an amount for which no contract is required shall be made, except the necessity therefor be certified by the head of the appropriate department, and the expenditure be authorized by the common council." This provision is appended to provisions relating to contracts to be made for work to be done and supplies to be furnished to and for the city of New York, and in connection with them, creates a system which was intended to embrace all expenditures, and liabilities for the purposes mentioned. All work done and supplies furnished exceeding in amount a specified sum were to be done and furnished under contracts, to be made and entered into with the solemnities prescribed by the act. All which did not exceed that sum were, in order to render the expenditure lawful, to be preceded by a certificate of the necessity therefor made by the head of the appropriate department, and the authorization of the expenditure by the common council. It cannot be too often or too strongly impressed upon all persons dealing with the city officials, that such officials are agents acting under clearly defined limitations and restrictions of law imposed either by statute or ordinance, and that an excess of their author-

ity cannot bind the city or subject it to any action. The only remedy in such case is against the officer, who exceeds or abuses his power; and it does not follow as in private agencies that a ratification of the official act can be inferred from the fact that the work is done, or the supplies furnished, and accepted by other officials of the city.

In this case all the work done by the plaintiff belonged to the Croton aqueduct department. Section 24 of the charter of 1857, which was in force up to the 10th of April, 1870, provided that there should be a bureau in the Croton aqueduct department for the construction and repair of sewers, wells and hydrants, the chief officer of which should be called the water surveyor. It also provided, that it should be lawful for the common council to assign to the different departments and bureaus such duties as they may direct, not inconsistent with the charter. Laws of 1857, chap. 446.

The common council did, by ordinance, assign to the bureaus of the Croton aqueduct department the construction and repairs of sewers, wells and hydrants, by section 30 of the revised ordinances of 1866 ; and by similar ordinances, it assigned to the street department its duties, and regulated the manner of their performance. See §§ 5 and 6 of page 93, Rev. Ord. of 1866.

The plaintiff testified that he began doing this kind of work (repairing of wells and pumps) for the city on his own account in 1858 ; that the work was then ordered by the Croton aqueduct board, and his bills were presented to the chief clerk of the bureau of repairs and supplies, and he testified in substance that this continued to be the course till about April, 1869, at which time he says he received a written authority from Mr. Tweed, then deputy street commissioner, "that he was to do all the work on pumps and wells ;" that he gave this written authority to Mr. Clifford, who was then, it appeared, chief clerk in the street department. That after that, he took the complaints that were sent to, or came into the street department, and went on and done the work ; that no written contract was ever made between him and the street department. He explained also how he came to go to Mr. Tweed in the matter, but the referee, at the close of the case, struck out that testimony, on plaintiff's motion, as irrelevant. The plaintiff put in evidence the tax levies of 1869 and 1870. That of 1869 contained an item as follows : "Wells and pumps, repairing and

cleaning, $3,500, to be expended under the direction of the street commissioner." Laws 1869, chap. 876, § 1. That of 1870 contained, under the head of appropriations for the department of public works, "For wells and pumps, $2,500." Laws of 1870, chap. 383, § 6. The counsel for plaintiff also put in evidence, section 10 of chapter 383 of Laws of 1870, which repeals the authority given to the comptroller by section 7 of chapter 853 of the Laws of 1868, to adjust claims in suit against the city, "except that the comptroller shall adjust and pay under the aforesaid authority, the liabilities incurred by the late street and Croton aqueduct departments, to the time of the abolition of said departments ; such adjustment to be made within sixty days after the passage of the act." But it was not shown that any thing was ever done with this account, under the provision contained in the act of 1870.

The plaintiff also put in evidence a resolution of the common council, approved by the mayor, September 29, 1869, in the following words : "Resolved, That the street commissioner be, and he hereby is requested to open and put in proper repair all wells and pumps north of Houston street immediately."

It is claimed that the provision of the tax levy of 1869, which appropriates $3,500 for the repairing of wells and pumps *to be expended under the direction of the street commissioner*, transferred to him the charge of that kind of work, before then belonging to the Croton aqueduct board, and that the resolution of the 29th of September, 1869, requesting that officer to open and put in repair immediately, all wells and pumps north of Houston street, had a like effect to confer authority on him. But the most that can be justly claimed from the tax levy of 1869 is, that the expenditure of that particular sum ($3,500) is put into his charge, and the most effect we can, in view of the existing law, attach to the resolution of the common council of September 29, 1869, is, that they thought proper to request the street commissioner to use that appropriation, and the power given him under the tax levy, by putting in proper repair the wells and pumps north of Houston street.

All authority of the street commissioner, over wells and pumps, to be implied from the tax levy of 1869, expired with the expenditure of the appropriation, and only interfered *pro tanto* with the power of the Croton acqueduct board over the general subject. It is shown in the case, that at the time the plaintiff performed the

first work charged in the bill for which this suit is brought, there remained of the appropriation of $3,500 made in 1869, but $11.75 unexpended.

If Mr. Tweed had power to expend that sum, we fail to find in the law any further authority. The case is destitute of proof of any compliance with the requirements of the act of 1857, above quoted, which required that the necessity for the work should be certified by the head of the appropriate department, and the expenditure be authorized by the common council. The head of the proper department was to be found in the Croton aqueduct board, at the time the work was done by the plaintiff. Or if we regard the work as proper to be done under the street department, there seems to have been a total absence of respect for the ordinance governing such expenditures in that department. Section 6 of the revised ordinances of 1866 (page 93) provides that no such expenditure shall be made without the written order of the street commissioner, and "*a certificate by him of the necessity thereof in each case,* and a copy of all such orders and certificates shall be filed in the office of the street commissioner, and of the bureau, by which the expenditure was made."

Some slight effort was made to show written orders ; but none to show certificates of necessity : and it is apparent from all the evidence that no shadow of an attempt to comply with the law, or ordinance, was made. On the contrary, it is apparent that the deputy street commissioner in April, 1869, by a sort of general order, handed over to the plaintiff all authority to repair wells and pumps, and that it was the practice of plaintiff to take the complaints made by police officers, and private citizens, and proceed at his own discretion to make such repairs, and incur such expenses as he saw fit.

This course was plainly illegal. The plaintiff's remedy is not against the city, but against the officer who exceeded his authority.

We think the judgment must be reversed and a new trial ordered, costs to abide the event.

*Judgment reversed and new trial ordered.*